XAVIER BECERRA
Attorney General of California
SUSAN S. FIERING, State Bar No. 121621
Supervising Deputy Attorney General
ROSE B. FUA, State Bar No. 119757
HEATHER C. LESLIE, State Bar No. 305095
Deputy Attorneys General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA 94612-0550
 Telephone: (510) 879-0190
 Fax: (510) 622-2270
 E-mail: Rose.Fua@doj.ca.gov
*Attorneys for California Department of Toxic Substances Control*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,**<br><br>Plaintiff,<br><br>v.<br><br>**BENICIA INTERNATIONAL ASSOCIATES L.P.,**<br><br>Defendant. | **COMPLAINT FOR RECOVERY OF RESPONSE COSTS AND DECLARATORY RELIEF** |

Plaintiff, the California Department of Toxic Substances Control ("DTSC"), alleges as follows:

**NATURE OF THE ACTION**

1. DTSC seeks cost recovery and declaratory relief under sections 107(a) and 113(g) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607 and 9613.

2. DTSC has incurred response costs and expects to continue to incur response costs in connection with actions taken in response to releases or threatened releases of hazardous

substances that resulted in soil and groundwater contamination at, beneath, and/or in the vicinity of 711 and 750 Jackson Street, Benicia, Solano County, California (identified by Assessor's Parcel number 0080-14-0440). These addresses, and the areal extent of the hazardous substance contamination that is or has been present at, or has extended from, these addresses, are referred to herein as "the Site." DTSC seeks to recover these response costs pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

3. DTSC seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that the Defendant is jointly and severally liable for all future response costs incurred by DTSC in response to releases and/or threatened releases of hazardous substances from or at the Site.

4. Trichlorothylene ("TCE"), cis-1,2-dichloroethene ("1,2 DCE"), and vinyl chloride, among other known compounds, have been found in the soil and groundwater at the Site. Each of these substances is a "hazardous substances" as defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

## JURISDICTION

5. This Court has jurisdiction over this action and over the Defendant pursuant to 28 U.S.C. § 1331 and section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

## VENUE

6. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b). The release and threatened release of hazardous substances into the environment, which form the basis for DTSC's claims, occurred in this District.

## INTRADISTRICT ASSIGNMENT

7. Assignment to the Sacramento Division of the Eastern District is proper under Local Rule 120(d) because the release and threatened release of hazardous substances into the environment, which form the basis of DTSC's claims, occurred in Solano County.

## PLAINTIFF

8. DTSC is a public agency of the State of California, organized and existing under California Health and Safety Code §§ 58000, *et seq*. DTSC has responsibility for determining

whether there has been a release and/or threatened release of a hazardous substance into the environment and for responding to releases and/or threatened releases of a hazardous substance into the environment or determining the actions to be taken in response thereto. DTSC may bring a cost recovery action for response costs against a liable party directly pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a). DTSC has incurred response costs as a result of releases of hazardous substances at the Site.

## DEFENDANT

9. Benicia International Associates ("BIA"), is a limited partnership under the laws of the State of California. BIA has been the owner of the Site since approximately February 27, 1981. BIA is an "owner and operator" of a facility, as those terms are described in section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

## GENERAL ALLEGATIONS

10. Land in Benicia, California was designated as the Benicia Arsenal for use by the United States Army in 1849. The land the Site now occupies was part of Area I, the industrial and manufacturing area, of Benicia Arsenal.

11. At this Site the Army conducted a variety of operations and as a result released hazardous substances, including, but not limited to, TCE and its breakdown products, 1,2 DCE and vinyl chloride, into the environment.

12. Subsequent to the United States' ownership, the Site was owned by the Defendant.

13. Environmental investigations of the entire Benicia Arsenal were conducted by the United States Army Corps of Engineers in 1998 and were supplemented with further study in 2005. These investigations included the collection of groundwater and soil samples on the Site. The Army Corp's investigation detected TCE and chemicals that result from the breakdown of TCE – 1,2 DCE, and vinyl chloride – in the soil and groundwater samples from the Site.

14. In 2014, DTSC issued an Imminent and Substantial Endangerment Determination and Remedial Action Order ("Order") for the Site pursuant to California Health and Safety Code sections 25358.3(a), 25355.5(a)(1)(B), 58009, and 58010. The Order listed the Defendant as a responsible party.

15. DTSC has incurred, and expects to continue to incur, costs of "response" as that term is defined in section 101(25) of CERCLA, 42 U.S.C. § 9601(25), in taking actions in response to the release or threatened release of hazardous substances at and from the Site. To date, the response actions include, but are not limited to, inspection, review, and oversight of investigations of the extent of the release at the Site.

**FIRST CLAIM FOR RELIEF**
**Cost Recovery Under CERCLA**
(42 U.S.C. § 9607(a))

16. DTSC incorporates the allegations in each of the preceding paragraphs as though fully set forth herein.

17. The Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

18. DTSC is a "State" for purposes of recovery of response costs under section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Pursuant to this section, DTSC may also recover interest on response costs incurred.

19. The Defendant is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

20. The Defendant is an "owner" and/or "operator" of the Site as those terms are used in section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

21. The Defendant is jointly and severally liable, without regard to fault, pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for the response costs incurred, and to be incurred, by DTSC in connection with the Site.

22. At the Site there has been a "disposal" of chemicals including TCE, 1,2 DCE, and vinyl chloride into the "environment" within the meaning of sections 101(29) and 101(8) of CERCLA, 42 U.S.C. §§ 9601(29), 9601(8).

23. TCE, 1,2 DCE, and vinyl chloride are "hazardous substances" as defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

24. As a result of the release and/or threatened release of hazardous substances at and/or from the Site, DTSC has responded to the release or threatened release of hazardous substances to the environment and incurred response costs, including the costs of oversight and enforcement costs, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

25. DTSC has incurred costs in responding to the release or threatened release of hazardous substances at or from the Site in a manner that satisfies the requirements of section 107(a)(4) of CERCLA, 42 U.S.C. § 9607(a)(4), in that the costs arose from activities that are not, and have not been, inconsistent with the applicable requirements of the National Contingency Plan, 40 C.F.R. Part 300.

**SECOND CLAIM FOR RELIEF**
**Declaratory Relief Under CERCLA**
(42 U.S.C. § 9613(g)(2))

26. DTSC incorporates the allegations in each of the preceding paragraphs as though fully set forth herein.

27. Pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), DTSC is entitled to a declaratory judgment that the Defendant is jointly and severally liable in any subsequent action or actions by DTSC to recover any further costs incurred in response to the release and/or threatened release of hazardous substances into the environment at or from the Site.

**PRAYER FOR RELIEF**

WHEREFORE, DTSC prays for relief as follows:

a) For a judgment that the Defendant is jointly and severally liable without regard to fault to DTSC under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all response costs incurred by DTSC as a result of the release or threatened release of hazardous substances at the Site;

b) For interest on the above sums as provided by section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

c) For a declaration, pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that the Defendant is jointly and severally liable without regard to fault to DTSC for all

1  future costs DTSC incurs in response to the release or threatened release of hazardous
2  substances at and/or the Site;
3  d) For attorney's fees, all enforcement costs, and the costs of this suit; and
4  e) For such other relief as the Court deems just and proper.

Dated:  March 14, 2018                             Respectfully submitted,

XAVIER BECERRA
Attorney General of California
SUSAN S. FIERING
Supervising Deputy Attorney General


 /s/ Rose B. Fua
ROSE B. FUA
HEATHER C. LESLIE
Deputy Attorneys General
*Attorneys for California Department of Toxic Substances Control*

OK2015950029
90922735.docx

Complaint for Recovery of Response Costs and Declaratory Relief